IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 26 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| CHARLES WILLIAMS | PLAINTIFF |
| vs. | CASE NO.: 3:16-cv-666 HTW-LRA |
| CARLISLE, LLC f/k/a CARLISLE CORPORATION d/b/a WENDY'S and CHANCELLOR G. CARLISLE, INDIVIDUALLY | DEFENDANTS |

**VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff CHARLES WILLIAMS (hereinafter referred to as "Plaintiff") by and through counsel of record, and files this Complaint against his former employers, CARLISLE, LLC f/k/a CARLISLE CORPORATION d/b/a WENDY'S (hereinafter "Wendy's") and CHANCELLOR G. CARLISLE, INDIVIDUALLY (hereinafter "Carlisle"), collectively referred to as "Defendants" for unpaid minimum wage and overtime wage compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and in support thereof states as follows:

### NATURE OF SUIT

1.      Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional

recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.  This action is brought under the FLSA to recover from Defendants unpaid minimum wage and overtime wages, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3.  Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4.  Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

6.  Venue is proper in this Court because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7.  The Court has the authority to grant declaratory relief pursuant to the

FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff Charles Williams was employed as a maintenance worker and cook by Defendants and performed related activities for Defendants in and around Hinds County, Mississippi.

9. Defendant Wendy's is a corporation that operates and conducts business in and around Hinds County, Mississippi and is located at 555 Woodrow Wilson Street in Jackson Mississippi. It is headquartered at 263 Wagner Place in Memphis Tennessee.

10. Defendant Chancellor G. Carlisle is an individual who, upon information and belief, conducts business in Hinds County, Mississippi, as well as other locations in Mississippi and Tennessee.

## COVERAGE

11. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

12. At all material times hereto, Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

13. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. At all material times hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. At all material times hereto, Wendy's was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

16. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

17. At all material times hereto, Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, tools and equipment, etc.

18. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that they:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

19. At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20. At all material times hereto (2013 – 2016), Chancellor G. Carlisle is president of Wendy's, and regularly exercised the authority to: (a) hire and fire employees of Wendy's; (b) determine the work schedules for the employees of Wendy's; and (c) control

the finances and operations of Wendy's by virtue of having regularly exercised that authority on behalf of Wendy's, Chancellor G. Carlisle is an employer as defined by 29 U.S.C. §201, *et seq.*

21. At all material times hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked within a workweek.

22. Defendants and their officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

24. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

25. Defendants own and operate a food service company in the business of providing fast food to its customers.

26. Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

27. Plaintiff worked as a maintenance worker and cook for Defendants.

28. Plaintiff worked for Defendants from approximately July 2015 through April 26, 2016.

29. Defendants agreed to pay Plaintiff a rate of $7.35 per hour for work performed by Plaintiff.

30. Plaintiff accepted this agreement and did work for Defendants.

31. During his employment with Defendants, Plaintiff performed work off the clock without any compensation whatsoever; therefore, he is owed regular pay and/or time and on half for all hours worked that he was not compensated for during one (1) or more workweeks.

32. Specifically, Plaintiff's General Manager, engaged in an illegal pattern and practice of manually deducting Plaintiff's actual work hour in order to avoid compensating Plaintiff for all of the hours he actually worked in a given day. Plaintiff's General Manager routinely deducted up to twelve (12) hours per week from Plaintiff's actual work times.

33. At all times relevant to this action, Defendants have failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to ensure that Plaintiff was paid his complete wages, or to ensure that Plaintiff was paid at least time and one half his regular rate of pay for all hours worked on behalf of the Defendants in excess of forty (40) within a workweek.

34. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

35. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage compensation with respect to Plaintiff.

36. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

37. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

40. Plaintiff is/was entitled to be paid at least minimum wage for each hour worked during his employment with Defendants.

41. During his employment with Defendants, Plaintiff worked multiple hours without compensation, and was therefore not paid at least full minimum wage for all hours worked during one (1) or more workweeks.

42. Specifically, Plaintiff was not paid for hours worked off the clock during his employment with Defendants.

43. Plaintiff has demanded proper compensation for one (1) or more weeks of work with Defendants, but Defendants has refused and/or failed to compensate him for

the same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of his employment with Defendants.

44. Defendants willfully failed to pay Plaintiff at least minimum wage for one (1) or more weeks of work contrary to 29 U.S.C. § 206.

45. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one (1) or more weeks of work with Defendants.

46. Plaintiff demands a trial by jury.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

48. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

49. During his employment with named Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

50. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

51. Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

52. Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

53. Defendants determined Plaintiff's rate and method of payment.

54. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

55. As a result, Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

56. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

57. Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

58. Plaintiffs demand a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 26th day of August, 2016.

Respectfully submitted,
CHARLES WILLIAMS, PLAINTIFF

_____
CHRISTOPHER ESPY, ESQ.

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
188 East Capitol Street, Suite 777

Jackson, Mississippi 39236-3722
Phone:601-718-2087
Fax:   601-718-2102
Email:cespy@forthepeople.com
ATTORNEY FOR PLAINTIFF

I, CHARLES WILLIAMS, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Date: 8-26-2016            _Charles Williams_
                           CHARLES WILLIAMS, PLAINTIFF